[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2005
THOMAS  K. KAHN
CLERK

No. 04-14305
Non-Argument Calendar
_____

D.C. Docket No. 04-20195-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO M. ANDRADE-AVILA,

Defendant-Appellent.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 16, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Antonio Andrade-Avila appeals his 70-month sentence for importation into

the United States of 100 grams or more of heroin, 21 U.S.C. § 952(a). After we

ordered supplemental briefing in light of United States v. Booker, 543 U.S. __,

125 S.Ct. 738 (2005), and in light of the fact that Andrade had challenged his sentence below under Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004), Andrade raised a challenge to the district court's application of the federal sentencing guidelines as mandatory.

We conclude that the district court did err. We have found, based on the holdings in Booker, that the district courts could have made both a constitutional and a statutory error in sentencing defendants when applying the sentencing guidelines as mandatory. "'The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is in the mandatory nature of the guidelines once the guidelines range has been determined.'" United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005) (quoting Rodriguez, 398 F.3d at 1300). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. at 1330-31. Because Andrade admitted importing more than 1000 grams of heroin, this case, like Shelton, concerns Booker statutory error.

A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance . . . that the [sentence] was

2

not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (citations omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 762, 763, 66 S.Ct. 1239, 1246, 1248 (1946)).  Because this is a Booker statutory error case we will apply that standard, instead of the "beyond a reasonable doubt" test, in determining whether the government has shown that the error is harmless. United States v. Mathenia, __F.3d__, 2005 WL 1201455 at *2 (11th Cir. May 23, 2005).   The non-constitutional harmless error standard is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review. See, e.g., United States v. Paz, 405 F.3d 946, 948-49 (11th Cir. 2005).  And, indeed, the government has conceded that it cannot meet the burden because it cannot point to anything in the record that indicates that the district court would have sentenced Andrade in the same way under an advisory scheme.  Therefore, we vacate Andrade's sentence and remand to the district court for resentencing pursuant to Booker.

**VACATED and REMANDED.** [1]

---

[1]   To the extent any other appellant arguments are not rendered moot by our disposition, they are rejected without need for discussion.